**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10446 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-01038-JGZ-JR-1 |
| v. | |
| JESUS GAYL CASTRO-DELFIN, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Argued and Submitted November 19, 2015
San Francisco, California

Before: NOONAN, WARDLAW, and PAEZ, Circuit Judges.

Jesus Gayl Castro-Delfin ("Castro") appeals his conviction and sentence for

possession with intent to distribute methamphetamine and importation of

methamphetamine. *See* 21 U.S.C. §§ 841, 952, 960. We have jurisdiction under

28 U.S.C. § 1291. We affirm.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1. Because Officer Lopez participated in the questioning of Castro, the admission of Special Agent Monahan's testimony about Officer Lopez's translations of Castro's statements raises some hearsay concerns. However, any error in admitting Special Agent Monahan's testimony was harmless beyond a reasonable doubt in light of the overwhelming evidence of Castro's guilt. This evidence included Castro's statements to the Passport Control Unit, his recorded telephone conversations from the detention center, and the sheer quantity of methamphetamine he transported, with a total retail value of approximately $1 million. *See United States v. Morales*, 720 F.3d 1194, 1199 (9th Cir. 2013).

2. The admission of Special Agent Monahan's testimony about Officer Lopez's translations did not violate the Confrontation Clause because Officer Lopez testified at trial and was available for cross-examination. *See United States v. Owens*, 484 U.S. 554, 558 (1988).

3. The district court did not abuse its discretion in assessing a two-level sentence enhancement for Castro's use of a "special skill." U.S.S.G. § 3B1.3. Castro's experience driving large tractor-trailers and his use of this skill in importing methamphetamine adequately support the district court's sentence enhancement. *See United States v. Mendoza*, 78 F.3d 460, 465 (9th Cir. 1996).

**AFFIRMED.**